UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 08-84ML |
| | : | |
| MONIQUE LANDRY, in her capacity as the Claim Representative of Progressive Insurance Company | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 08-85ML |
| | : | |
| DAVID CICILLINE, in his capacity as the Mayor of Providence | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 08-86ML |
| | : | |
| DENISE G. GERSTMEYER, in his capacity as Chief Operator Control Officers, State of Rhode Island Division of Motor Vehicles | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 08-87ML |
| | : | |
| GORDON HEPWORTH, in his capacity as the Claim Representative of State Farm Mutual Automobile Insurance Company | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 08-105ML |
| | : | |
| STATE OF RHODE ISLAND, JEROME SMITH, in his capacity as District Court Administrator, 6th Division, on behalf of Richard Finnegan | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 08-106ML |
| | : | |
| SUSAN MENARD, in her capacity as the Mayor of Woonsocket, on behalf of Officer Marsha Houle | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 08-107ML |
| | : | |
| MICHAEL HOULE | : | |

**CONSOLIDATED REPORT AND RECOMMENDATION**
**FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

During March 2008, Plaintiff Hakeem Pelumi filed seven (7) Complaints in this Court and in each case filed an Application to Proceed Without Prepayment of Fees including the $350.00 per case filing fee. Plaintiff's Applications (Document No. 2 in each case) filed pursuant to 28 U.S.C.

§ 1915 have all been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Applications signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of these seven civil cases and thus, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) are GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaints *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss any that are "frivolous or malicious," "fail[] to state a claim on which relief may be granted" or "seek[ ] monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaints be DISMISSED because they are "frivolous," "fail[ ] to state a claim on which relief may be granted," and/or "seek[ ] monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Although Plaintiff's Complaints are somewhat cryptic, each can be boiled down to one simple claim.

1. Pelumi v. Landry, C.A. No. 08-84ML. This case arises out of an automobile accident occurring in October 2006 on Broad Street in Providence. Pelumi claims that his insurer failed to properly investigate the accident and remedy his injuries.

2. Pelumi v. Cicilline, C.A. No. 08-85ML. This case also arises out of the 2006 Broad Street accident. Pelumi alleges that a Providence Police Officer "lied on the police report, willfully giving false account of how and where the accident occoured [sic] and point of impact of both cars."

Pelumi sues Mayor Cicilline because he "has control of and is responsible for investigation and administration of Professional Conduct of Providence Police Force." Compl., ¶ 2.

3. Pelumi v. Gerstmeyer, C.A. No. 08-86ML. Pelumi alleges that Gerstmeyer willfully or negligently failed to update Pelumi's driving record in March 2001 to reflect that his driving privileges were restored. This allegedly resulted in Plaintiff being stopped by the Woonsocket Police, charged with driving after suspension and having his car towed away.

4. Pelumi v. Hepworth, C.A. No. 08-87ML. This case also arises out of the 2006 Broad Street accident. Pelumi claims that the insurer for the other driver failed to properly investigate the accident and remedy his injuries.

5. Pelumi v. State of Rhode Island, C.A. No. 08-105ML. This case arises out of Pelumi's arrest in July 2007 for disorderly conduct by the Woonsocket Police. Pelumi alleges that Bail Commissioner Richard Finnegan stole money from him when he "was then about to be released on bail."

6. Pelumi v. Menard, C.A. No. 08-106ML. This case arises out of an August 2006 dog bite. Pelumi alleges that Woonsocket Police Officer Marsha Houle "willfully lied on the police report with intent to cover up the dog bite incident, hence, commencing perjury." Compl. ¶ 4. Pelumi sues Mayor Menard because she "is in control and responsible for the professional conduct of Woonsocket police force." Id. at ¶ 2.

7. Pelumi v. Houle, C.A. No. 08-107ML. This case also arises out of the August 2006 dog bite. Pelumi alleges that Michael Houle willfully brought his family dog to a "no pets allowed" building where Pelumi resides, and that Pelumi was the victim of an unprovoked attack and bite by Houle's dog.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed *in forma pauperis* is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaints be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaints as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v.

Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaints, dismissal is required.

Rule 8(a)(1), Fed. R. Civ. P., requires that every Complaint "must" contain a short and plain statement of the grounds for the Court's jurisdiction. This generally consists of a reference to subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff's Complaints do not contain the required jurisdictional allegations and thus do not comply with Rule 8(a)(1). While this technical noncompliance with the Rules has made the Court's task in screening the viability of Plaintiff's Complaints more difficult, such noncompliance itself does not warrant dismissal of Plaintiff's Complaints. However, as discussed below, there are other legal defects present as to Plaintiff's Complaints which warrant summary dismissal of each under 28 U.S.C. § 1915(e)(2)(B).

1. Pelumi v. Landry, C.A. No. 08-84ML. In this Complaint, Plaintiff does not sue under the Federal Constitution or a federal statute, and thus there is not federal question jurisdiction. There is also not diversity jurisdiction. Pelumi alleges he is a Rhode Island resident and sues Landry only in her capacity as a claim representative of Progressive Insurance Company. Pelumi alleges that Defendant's "principal place of business" is located in Rhode Island. Thus, there is no diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Absent any basis for federal subject matter jurisdiction, Plaintiff's Complaint must be dismissed.

Even if subject matter jurisdiction existed, Pelumi sues under Rhode Island's Unfair Claims Settlement Practices Act (R.I. Gen. Laws § 27-9.1-1, et seq.) which does not provide insureds with a private right of action and vests enforcement authority exclusively with the Director of the Department of Business Regulation. See R.I. Gen. Laws § 27-9.1-5. Pelumi also seeks to invoke

Article 1, Section 5 of Rhode Island's Constitution which guarantees "a certain remedy, by having recourse to the laws, for all injuries or wrongs which may be received in one's person, property, or character." Since Pelumi could have filed a written consumer complaint under R.I. Gen. Laws § 27-9.1-5 or a state law claim for breach of his insurance policy with Progressive, he has not been denied a remedy which would potentially implicate Article 1, Section 5. Pelumi's state statutory and constitutional claims are not legally viable.

2. Pelumi v. Cicilline, C.A. No. 08-85ML. Pelumi sues Mayor Cicilline only under Rhode Island's Constitution and thus there is no federal claim supporting jurisdiction under 28 U.S.C. § 1331. There is also no diversity of citizenship alleged to support jurisdiction under 28 U.S.C. § 1332. In the absence of any colorable basis for federal subject matter jurisdiction, this Complaint must also be dismissed.

3. Pelumi v. Gerstmeyer, C.A. No. 08-86ML. Unlike his first two filings, Pelumi does assert claims under federal law in this Complaint. In particular, he alleges a violation of 28 U.S.C. § 1357 and, pursuant to 42 U.S.C. § 1983, a violation of the Fourth Amendment of the United States Constitution. However, both of these federal claims are legally deficient on their face. First, 28 U.S.C. § 1357 provides district courts with original jurisdiction over civil actions brought to recover damages for injuries sustained when a plaintiff has acted to "protect[ ] or collect[ ]...any of the revenues, or to enforce the right of citizens of the United States to vote in any State." Nothing in Pelumi's Complaint supports jurisdiction under § 1357.

Second, Pelumi's § 1983 claim in this Complaint dates back nearly seven years to 2001 and is time barred. Pelumi's "constitutional deprivation claims are...subject to a three year statute of limitations because § 1983 claims are subject to the state statute of limitations for personal injury

actions, which in this case is three years under § 9-1-14(b)." Adams v. Town of Burrillville, 249 F. Supp. 2d 151, 154 (D.R.I. 2003). Thus, Pelumi's federal claims in this Complaint are untimely and do not support jurisdiction under 28 U.S.C. § 1331. Pelumi also has failed to allege diversity of citizenship which could provide this Court with jurisdiction under 28 U.S.C. § 1332 if Pelumi also satisfied the $75,000.00 amount in controversy threshold. Thus, this Complaint must also be dismissed.

4. Pelumi v. Hepworth, C.A. No. 08-87ML. This Complaint makes the same basic claims as Pelumi v. Landry. The difference is that Pelumi sues the claims representative of the insurer for the other driver involved in the 2006 Broad Street accident and not his own insurer. As with the Landry Complaint, even if federal subject matter jurisdiction existed,[1] Pelumi's state statutory and constitutional claims are simply not legally viable. Thus, this Complaint must also be dismissed.

5. Pelumi v. State of Rhode Island, C.A. No. 08-105ML. In an attachment to his Complaint, Pelumi describes this case as a "daylight robbery." He alleges that Bail Commissioner Richard Finnegan stole a hundred dollar bill from him during the course of a bail hearing. Pelumi does not, however, name Finnegan as a Defendant. Rather, he sues the State of Rhode Island and "demands judgment against defendant Jerry Smith, in his capacity as the Court Administrator of the 6th Division, District Court of R.I."

As with other of his Complaints, Pelumi improperly attempts to sue under a federal criminal statute, i.e., 18 U.S.C. § 242. Pelumi also seeks to invoke 42 U.S.C. § 1983. However, as noted

[1] On its face, Pelumi's Complaint suggests the existence of diversity as he alleges that Defendant's principal place of business is located in New York. However, pursuant to 28 U.S.C. § 1332(c)(1), an insurer is also deemed to be a citizen of the State of which its insured is a citizen. If the insured driver (Jamie Coher) is a Rhode Island citizen, this fact would destroy federal diversity jurisdiction.

above, Pelumi sues the State of Rhode Island and Mr. Smith in his official capacity as a Court Administrator. As with a municipality, a damages suit against a state official, in his or her official capacity, is the equivalent of a suit against the State itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Further, it has been held that damages are not recoverable under Section 1983 against a state and a state employee in his or her official capacity because they do not constitute "persons" within the meaning of the statute. Id.; see also Rosen v. Chang, 758 F. Supp. 799, 801 (D.R.I. 1991). Thus, Pelumi fails to state a viable claim under Section 1983.

In view of the absence of any viable federal claims, Pelumi's state constitutional claim is not viable in federal court due to the absence of diversity jurisdiction. Thus, this Complaint also must be dismissed.

6. Pelumi v. Menard, C.A. No. 08-106ML. In this case, Pelumi alleges that Woonsocket Police Officer Marsha Houle perjured herself in a "false dog bite police report" and also committed the offenses of "conspiracy and witness tampering." Compl. ¶ 5. Pelumi does not, however, sue Officer Houle. Rather, Pelumi only names Mayor Menard as a Defendant and seeks relief in the form of a judgment "against Honorable Susan Menard, in her capacity as Woonsocket Mayor."

Pelumi attempts to sue Mayor Menard under two federal criminal statutes (18 U.S.C. § 241 – Conspiracy Against Civil Rights; and 18 U.S.C. § 1622 – Subornation of Perjury). However, "a private citizen has no authority to initiate a federal criminal prosecution." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam). Neither of these criminal statutes conveys a private right of action and thus Pelumi is legally precluded from seeking relief under them. See Riser v. WSYX-TV, No. C2-02-091, 2002 WL 31409427 (S.D. Ohio July 17, 2002) (no private right of action available under 18 U.S.C. § 241).

Pelumi also asserts a claim for "due process" violation under 42 U.S.C. § 1983. However, as noted above, Pelumi only sues Mayor Menard in her official capacity. This is the equivalent, "in all respects other than name," of a suit against the City of Woonsocket itself. Kentucky v. Graham, 473 U.S. 159, 166 (1985). However, a municipality may not be held liable based on the doctrine of *respondeat superior*. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). A claim against a municipality requires an allegation that an official municipal policy or custom was the legal cause of the violation. Id. Pelumi has failed to state a legally viable claim against Mayor Menard in her official capacity under § 1983.

Since all of Pelumi's federal claims fail to state a claim, this Complaint must also be dismissed.

7. Pelumi v. Houle, C.A. No. 08-107ML. Pelumi alleges that Michael Houle owned the dog that bit him in August 2006. Pelumi states that he "brings this complaint under 18 U.S.C. 241 and 242; Conspiracy to Cover up the incident." Compl. ¶ 3. These are federal criminal statutes and, as noted above in the discussion of the Menard Complaint, they do not provide for a private right of action. Thus, Pelumi does not state a viable federal claim against Houle.

It is unclear if Pelumi is bringing a state law personal injury claim against Houle for the dog bite. However, since Pelumi alleges Houle is a Rhode Island citizen, there is no federal diversity jurisdiction which would provide this Court with subject matter jurisdiction over any state law claims made by Pelumi against Houle. Thus, this Complaint must also be dismissed.

**Conclusion**

For the reasons stated, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) are GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaints be DISMISSED as discussed above.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 4, 2008